AMERICAN LIFE INSURANCE COMPANY, APPELLANT, V.
BENNETT LIVE STOCK COMPANY ET AL., APPELLEES:
HAMILTON NATIONAL BANK OF DENVER ET AL., APPELLANTS:
BETSY JANE WOLCOTT, INTERVENER, APPELLEE.

FILED JULY 14, 1926.   No. 24035.

APPEAL from the district court for Kimball county:   J. LEONARD TEWELL, JUDGE.   *Affirmed.*

*Bardwell, Hecox, McComb & Strong,* for American Life Ins. Co.

*Brome & Ramsey* and *Glenn N. Venrick,* for Hamilton Nat. Bank et al.

*Stout, Rose, Wells & Martin, Roland V. Rodman, Gaines, Van Orsdel & Gaines* and *B. E. Hendricks,* for Bennett Live Stock Co. et al.

*Abbott, Rohn & Dunlap,* for Betsy Jane Wolcott.

Heard before MORRISSEY, C. J., DAY, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

PER CURIAM.

This is an action in equity brought by the American Life Insurance Company to foreclose certain deeds of trust securing bonds of which it was the owner.   Certain parties owning bonds secured by the same deeds of trust, by answers and cross-petition, and petitions in intervention, join with it in seeking similar relief.   The defendant Peters Trust Company takes issue with the insurance company and the parties associated with it, and by cross-petition seeks the

foreclosure of certain mortgages securing notes owned by it, and the establishment of these mortgages as first liens on the premises. Certain defendants somewhat similarly situated join with the Peters Trust Company to establish a state of facts upon which the latter relies to sustain its cross-petition. On these issues judgment was entered in favor of the Peters Trust Company and against the contentions of the plaintiff. From this judgment the plaintiffs and others appeal.

The facts, fairly established by the evidence, out of which these controversies originate, are as follows: The Bennett Live Stock Company owned 6,000 acres of land in Kimball county, Nebraska. It had been by them mortgaged to the Hoffman brothers to secure a loan of $50,000 of which there still remains unpaid, at the time of the transaction out of which this litigation grew, more than $30,000. The Bennett Live Stock Company had also executed a deed of trust to Gurney and Knapp as trustees to secure an issue of $100,000 worth of bonds. Before the bonds in litigation in this proceeding were sold, Gurney and Knapp had resigned as trustees and a supplementary deed of trust had been executed by the Bennett Live Stock Company to the Fidelity Trust Company, by the terms of which the latter corporation was created sole trustee and vested with the powers formerly entrusted to Gurney and Knapp. In addition thereto, this supplementary deed of trust modified certain provisions of the original deed of trust. The evidence establishes the fact that both the deed of trust and supplementary deed of trust were recorded prior to the negotiations of the bonds which are in litigation herein. After these deeds of trust were recorded, the various parties to this litigation obtained bonds, taking the same with constructive notice, at least, of the provisions of the trust as set forth in the instruments above named, then of record in Kimball county, Nebraska.

Thereafter, the Bennett Live Stock Company conveyed their interest and title in the 6,000 acres of land, subject to certain mortgages, "to the Lodge Pole Land Company." The Lodge Pole Land Company negotiated a loan of $6,000

on said 6,000 acres of land from the Peters Trust Company. The proceeds of this loan were paid by the Peters Trust Company under authorization of the Lodge Pole Land Company to the Fidelity Trust Company, the sole trustee for the plaintiff bondholders, to effect a redemption or payment of all outstanding bonds.

It is claimed by the Peters Trust Company that paragraphs 19 and 20 of the original trust deed, as modified by the supplementary deed of trust, authorize such payment to be made in redemption of the lands from the lien of the deed of trust and supplementary deed of trust. There is no question but what the money was actually received by the Fidelity Trust Company which was sole trustee for the bondholders. Over $30,000 of the amount was properly applied by it in discharge of the amount due the Hoffman Brothers mortgage. The remaining amount received by the trust, amply sufficient to have complied with the terms of the trust instruments in effecting a redemption, was embezzled or misappropriated by the trustees. However, the Fidelity Trust Company duly executed a release of deeds of trust which was placed on record.

The plaintiffs and parties associated with them further their proceeding upon the theory that, notwithstanding the payment of the money to the trustee, the same was ineffective to accomplish a redemption from the lien of the trust instruments for two reasons: (1) The terms of the supplementary trust deed, which were ineffective to modify the original trust agreement and ineffective to vest the Fidelity Trust Company with the power of trustees. (2) If this contention be resolved against them, the Peters Trust Company failed to comply with certain technical requirements of article 19 of the trust deed providing for the giving of notice after payment of the amount of redemption to the trustee, and that section 20 has no application to the facts in this case. It is thought that the rule is well established that a deed of trust is not in force as to bonds secured by it until such bonds have been negotiated by or in behalf of the makers thereof, and that the makers

of bonds undelivered and not negotiated and the trustee are the sole parties in interest in the transaction until such negotiations, and as such are competent by agreement to modify the terms and conditions of the trust.

That as to bondholders who become such, after such modification has been made and fully recorded as provided by law, they are chargeable with notice of the facts disclosed by the proper public records, and that the modification is therefore binding upon them. The conclusion would therefore be adverse to the contention of the plaintiffs as to the validity of the appointment of the Fidelity Trust Company as sole trustee.

The district court for Kimball county in the trial of this case in effect held that the Peters Trust Company had substantially complied with the terms set forth in the trust instruments providing for redemption of bonds prior to maturity. We feel that this position is fairly sustained by the evidence. If this conclusion be granted, the determination of the further matters involved in this action by the lower court are correct.

In view of the nature of the facts in the record, and that the determination of the trial court is manifestly correct, the judgment of the district court is

AFFIRMED.